UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MALIBU MEDIA, LLC,                                          :

                                                          :      <u>ORDER</u>
               Plaintiff,                    16 Civ. 2469 (LAK) (GWG)
                                                          :

   -v.-

                                                          :

JOHN DOE subscriber assigned IP address
65.78.4.193,                                              :
               Defendant.
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Having reviewed the papers filed in connection with Malibu Media's motion for leave to serve a third party subpoena prior to a rule 26(f) conference (Docket # 6), as well as the supplemental briefing provided by Malibu in response to the Court's June 29, 2016, Order. (Docket # 15), the Court grants the motion to the extent stated below. This Order granting the motion, with the accompanying limitations described herein, are being imposed for substantially the same reasons as stated in the cases of <u>Malibu Media, LLC v. John Doe Subscriber assigned IP Address 173.68.5.86</u>, 2016 WL 2894919 (S.D.N.Y. May 16, 2016); <u>Malibu Media, LLC v. Doe</u>, 2016 WL 2854420 (E.D. Cal. May 16, 2016); <u>In re Malibu Media Adult Film Copyright Infringement Cases</u>, 2015 WL 3605834 (E.D.N.Y. June 8, 2015); and <u>Malibu Media, LLC v. Doe</u>, 2015 WL 5013874 (S.D.N.Y. Aug. 18, 2015).


IT IS HEREBY ORDERED THAT

1. Within 14 days of the date of this Order, plaintiff may serve a Rule 45 subpoena on RCN Corporation to obtain the name and address of John Doe (the "defendant") in accordance with the limitations stated in this Order. Plaintiff may <u>not</u> seek any other information about defendant, including but not limited to defendant's telephone number or email address. The subpoena shall attach a copy of the complaint in this matter and a copy of this Order, with the annexed "Notice to Subscriber."

2. Within 60 days following the receipt of this subpoena, the RCN Corporation shall deliver a copy thereof (including the copy of the attached complaint and a copy of this Order) to the defendant — that is, the subscriber (or subscribers) that it determines are associated with the IP address in the caption above. The "Notice to Subscriber," which is annexed to this Order, shall be the first pages of this mailing, followed by the subpoena, the complaint, and a copy of this Order.

3. RCN Corporation shall deliver the copy of the Notice and other documents using any reasonable means, such as a written notice delivered to defendant's last known address,

    transmitted either by first class mail or via overnight service.  RCN Corporation shall inform plaintiff of the date it delivered the materials to defendant, of the means it used to do so, and of any information it has as to whether defendant received the materials.  RCN Corporation <u>shall not disclose</u> to plaintiff any other information about the defendant, including of course the defendant's name and address, until there is an order of the Court so permitting.

3. Once the above materials are delivered to the defendant, the defendant shall have 60 days from the date of delivery to make any application to this Court regarding the subpoena, including a request to quash or modify the subpoena.

4. RCN Corporation shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash or modify.

5. If the 60–day period in which the defendant may make an application contesting the subpoena lapses without defendant having made such an application, plaintiff shall so inform the Court (providing at that time any information RCN Corporation provided to it regarding the delivery and/or receipt of the subpoena) and may at that time request an order that RCN Corporation release the information to plaintiff.  The Court expects that it will then issue an Order directing RCN Corporation to release the information to plaintiff within 21 days thereafter.  During either the 60–day period or the 21–day production period, RCN Corporation may file its own motion to quash.

6. Any information ultimately disclosed to plaintiff in response to the Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights as set forth in its complaint.

7. This case shall be litigated in the name of defendant "John Doe" unless and until this Court orders otherwise.  Accordingly, plaintiff is ordered <u>not</u> to publicly file any of defendant's identifying information and to file all documents containing defendant's identifying information in redacted form with the unredacted version filed under seal.  Courtesy copies shall be sent to the undersigned.  Plaintiff is ordered <u>not</u> to disclose to anyone else the identifying information.  Additionally, plaintiff shall not indicate to defendant at any time that it has the right to disclose any of defendant's identifying information.

Dated: August 5, 2016
       New York, New York

                                                    _____
                                                    GABRIEL W. GORENSTEIN
                                                    United States Magistrate Judge

## NOTICE TO SUBSCRIBER

1. You have been named as a defendant in the case of <u>Malibu Media, LLC v. John Doe</u>, 16 Civ. 2469 (LAK) (GWG).  The case was filed in the United States District Court for the Southern District of New York, which is located at 500 Pearl Street, New York, New York.  The complaint in the case alleges that you illegally downloaded and/or distributed a movie on your computer.  The case was brought by Malibu Media LLC (the "plaintiff.").  The case has been referred to the Honorable Gabriel W. Gorenstein, United States Magistrate Judge for the Southern District of New York.  At this stage of the case, you do not have to answer the complaint.

2. Malibu Media LLC does not know your name and address so it has issued a subpoena to your internet service provider, RCN Corporation, seeking your name and address.  Malibu Media LLC is seeking your name and address so that Malibu Media LLC may formally serve you with the complaint in the lawsuit.  Malibu Media does not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.  Using the IP address, it is asking RCN Corporation to provide your name and address.  Attached is a copy of this subpoena to RCN Corporation.  Also attached is an Order issued by Judge Gorenstein regarding how the case will proceed.

3. You are not required to answer the complaint at this time.  At this point, Malibu Media LLC is only seeking your name and address from RCN Corporation.  It is seeking the name and address solely for the purpose of serving you with the complaint in this case.

4. You are free to hire a lawyer to represent you in this case.  You are also free to represent yourself, which is called proceeding "pro se."

5. If you do not want RCN Corporation to provide this information to Malibu Media LLC and you believe there is a legal basis for RCN Corporation to withhold this information, you may file with the Court an application in the form of a letter seeking to "quash" or modify the subpoena.  This must be done within 60 days of the date that RCN Corporation sent you this notice.  If you do not have a lawyer, this application may be in the form of a letter mailed or delivered to the Court at the following address:

Pro Se Office
United States Courthouse
500 Pearl Street, Room 230
New York, New York

You may contact the Pro Se Office, which is the office that helps people who do not have lawyers, at (212) 805-0175.

6. The Court has already ordered that no documents shall be filed publicly containing your name and address until the Court rules otherwise.  However, if you are representing yourself, you will

still have to provide your name and address, as well as other information such as a telephone number, to the Court.  The Pro Se Office of the Court will have you fill out an information card that will be used only by the Court.  The Court must have this information so that it may communicate with you regarding the case.

7.  If you do not file a letter that seeks to quash or modify the subpoena, Malibu Media will obtain your name and address and will then serve the complaint on you.  You may still proceed in this case anonymously, unless the Court later rules otherwise.  This means that the Court and Malibu Media LLC will know your identity and contact information, but your identity will not be made public unless the Court determines otherwise.  If Malibu Media serves you with a copy of the complaint, the next step in the case will be for you to file an Answer.  You may contact the Pro Se Office about how to proceed if you are served with the complaint.


THIS NOTICE WAS AUTHORIZED BY:

Gabriel W. Gorenstein
United States Magistrate Judge
U.S. Courthouse
500 Pearl Street
New York, NY 10007